IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DAVID HUFF and
TINA HUFF,

          Plaintiffs,

v.                                    CIVIL ACTION NO.   3:23-0231

ERIE INSURANCE COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Erie Insurance Company's Partial Motion to Dismiss (ECF No. 4) and Plaintiffs David and Tina Huff's Motion to Bifurcate and Stay "Bad Faith" Claim. ECF No. 9. In their Amended Response to Defendant's motion, Plaintiffs make an alternative request that they be given permission to file an amended complaint. ECF No. 11. For the following reasons, the Court **CONSTRUES** Plaintiffs' alternative request as a motion to amend and **GRANTS** the same. The Court further **DENIES AS MOOT** Defendant's Partial Motion to Dismiss the original Complaint and **DENIES AS PREMATURE** Plaintiffs' Motion to Bifurcate and Stay "Bad Faith" Claim.

On February 17, 2023, Plaintiffs filed a Complaint in the Circuit Court of Cabell County, West Virginia, against Defendant for underinsured motorist coverage arising from a motor vehicle accident. According to Plaintiffs, Defendant has refused to offer them a reasonable amount under their policy. Therefore, Plaintiffs filed this action claiming breach of contract, negligence, a violation of West Virginia's Unfair Claims Settlement Practices Act, W. Va. Code § 33-11-4(9), and first party bad faith. On March 24, 2023, Defendant removed the action to this Court based

upon diversity of jurisdiction and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a) (setting forth the original jurisdiction of district courts where there is diversity of citizenship and an amount in controversy exceeding $75,000); 28 U.S.C. §§ 1441 & 1446 (discussing removal).

Following removal, Defendant filed a Partial Motion to Dismiss. Specifically, Defendant moves to dismiss Plaintiffs' claims under the Unfair Claims Settlement Practices Act and for bad faith for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of its motion, Defendant argues that the Complaint only makes legal conclusions and does not contain any factual allegations to support either of these causes of action. In their Amended Response to Defendant's motion, Plaintiffs assert their Complaint met the pleading standard under the West Virginia Rules of Civil Procedure when it was filed. However, if the Court finds that their claims do not satisfy the federal pleading requirements, the Court should allow Plaintiffs to amend their Complaint to bring it into compliance with the federal rules. Plaintiffs also filed a Motion to Bifurcate and Stay "Bad Faith" Claim until after the underlying underinsured claim is resolved.

Upon review of the Complaint, the Court agrees with Defendant that Plaintiffs' Unfair Claims Settlement Practices Act and bad faith claims contain mere legal conclusions, with insufficient factual support. As this Court must apply the federal rules, it is clear that Plaintiffs' "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, Rule 15(a)(2) of the Federal Rules of Civil

Procedure permits amendment of a complaint after a responsive pleading has been filed "with . . . the court's leave" and leave should be freely given "when justice so requires."

Here, as Plaintiffs filed their Complaint in light of state rules, not federal rules,[1] the Court finds good cause exists under Rule 15 to allow them to amend their Complaint to satisfy the federal pleading requirements. Although Plaintiff did not file a separate motion to amend, the Court shall construe Plaintiffs' alternative request as a motion to amend the Complaint and **GRANTS** the same. The Court **DIRECTS** Plaintiffs to file an Amended Complaint **on or before May 17, 2023**. To the extent Defendant objects to allowing an amendment because Plaintiffs failed to attach a proposed amended complaint, Defendant may renew its motion if it believes the Amended Complaint fails to meet the federal pleading standards.

Having permitted Plaintiffs the opportunity to amend, the Court **DENIES AS MOOT** Defendant's Partial Motion to Dismiss the original Complaint and **DENIES AS PREMATURE** Plaintiffs' Motion to Bifurcate and Stay "Bad Faith" Claim. The Court also **CANCELS** the Scheduling Conference currently set for May 22, 2023.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     May 3, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] The Court makes no determination as to whether or not Plaintiffs' pleadings satisfied West Virginia's Rules of Civil Procedure.